FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 07 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE LEON BROWN

              Plaintiff,

  -against-

CHASE BANK; CITIBANK OR CITIGROUP;
CAPITAL ONE BANK; CVS; STATE FARM
INSURANCE; ALL STATE INSURANCE;
SUFFOLK COUNTY NEW YORK POLICE
DEPARTMENT; MS. GERMAINE M. BERRY;
MRS. DELORES A. DAVIS; AMERICAN
EXPRESS COMPANY,

              Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER
13-CV-5309 (WFK) (LB)
(Kuntz, J.)

**WILLIAM F. KUNTZ, II, United States District Judge**

Andre Leon Brown ("Plaintiff"), proceeding *pro se*, filed this *in forma pauperis* complaint on September 22, 2013 against Chase Bank, Citibank or Citigroup, Capital One Bank, American Express, CVS Caremark Corporation, State Farm Insurance, All State Insurance, the Suffolk County New York Police Department, Ms. Germaine Berry, and Mrs. Delores A. Davis (collectively "Defendants") pursuant to 42 U.S.C. §§ 1983 and 1985. Compl. at I(B), II, III. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, but the complaint is dismissed for the reasons set forth below.

**Background**

Plaintiff brings this claim seeking damages and a public apology from Defendants for their treatment of him. It is unclear to the Court what exactly Plaintiff accuses Defendants of

1

doing, except that it involves the allegedly wrongful sharing of information regarding Plaintiff's health, problems obtaining employment and some interface with the Suffolk County Police Department. The statement of facts states, in its entirety:

> These corporations and others acted with malice and immunity by telling employees and others that Mr. Brown has the AIDS virus an [sic] will give it to them. They probably said other things as well. Mr. Brown experienced hate crimes and discrimination and public degrading. As a result they conspired with Suffolk County New York Police, and Ms. Germaine M. Berry, Mrs. Dolores A. Davis, and politicians. Also, defendants conspired to send mail where plaintiff was visiting to stop him from utilizing his rights against them. Sending letters would hinder plaintiff from seeking justice from them. Defendants conspired to remove jobs from website to violate plaintiff. Defendants conspired to change requirements for employment and dates. The corporations told public entities they will pay Mr. Brown and any other issues pertaining to Mr. Brown by association. If their [sic] are others involved, plaintiff doesn't know. Plaintiff have sought legal advice. Corruption, death threats, threats of false imprisonment, conspiring publicly not to tell Mr. Brown what happened and illness has kept plaintiff from due process. Mr. Brown utilizing his rights will damage others. Therefore, Mr. Brown is plaqued [sic] by fear.

Compl. at III(C).

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court construes Plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, where a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal

quotation marks omitted).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. § 1983, Plaintiff must allege that "(1) the conduct complained of must have been committed by a person acting under color of state law," and "(2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

**A.     42 U.S.C. § 1983 Claims Against Private Defendants Dismissed**

Defendants Chase Bank, Citibank, Capital One Bank, CVS, State Farm Insurance, All State Insurance, American Express Company, private corporations, and defendants, Germaine

3

Berry and Delores Davis, private individuals, do not act under color of state law within the meaning of 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Academy v. Tennessee*, 531 U.S. 288, 304–05 (2001) (discussing whether athletic association was state actor within reach of § 1983); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838–42 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law). Therefore, Plaintiff fails to state a claim against all of these defendants and the complaint against them is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims against Suffolk County Police Department Dismissed

Plaintiff names one non-private defendant, the Suffolk County Police Department, but he has also fails to state a claim against it. Plaintiff's complaint mentions the Suffolk County Police Department, but does not allege any constitutional violation by the Suffolk County Police Department or any facts, even liberally construed, from which the Court could infer a constitutional violation. Because Plaintiff has failed to allege specific facts demonstrating how the Suffolk County Police Department was involved in a violation of Plaintiff's constitutional rights, his claim against the Suffolk County Police Department is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under 42 U.S.C. § 1985 Dismissed

Plaintiff also seeks to bring claims under 42 U.S.C. § 1985. To state a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose

of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a U.S. citizen. *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 416 (E.D.N.Y. 2010) (Vitaliano, J.). Complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (internal quotation marks omitted). Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. *Id.; Iqbal*, 556 U.S. at 678. Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Thus, Plaintiff's 42 U.S.C. § 1985 claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

Accordingly, Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

<u>**SO ORDERED**</u>

Dated: Brooklyn, New York
       October 7, 2013

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge